IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| GLOBE LIFE & ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | Civil Action No. 5:16-cv-28 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SHERRY STURROCK, *et al.*, | ) | By:    Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

This interpleader action concerns the competing claims of Defendant Sherry Sturrock and

of Defendants Ken Biggs, Malinda Biggs, Frank Biggs, and Iva Biggs-Gordon (collectively, the

"Biggs Defendants") to the proceeds of Peggy Phillips's life insurance policy held with Plaintiff

Globe Life & Accident Insurance Company ("Globe").[1] The dispute centers around two change-

of-beneficiary letters signed by Phillips on November 5, 2015, one naming the Biggs Defendants

as equal beneficiaries of Phillips's life insurance policy, and the other naming Sturrock as the

sole beneficiary of the policy. Pl. Exs. 8, 10, ECF Nos. 1-8, 1-10. Sturrock and the Biggs

Defendants are proceeding pro se.

Before the Court is Sturrock's motion for summary judgment. Sturrock Mot. Summ. J.,

ECF No. 21. The Biggs Defendants filed a response in opposition, ECF No. 29, and Sturrock

filed a reply, ECF No. 30. Sturrock's motion has been fully briefed, neither party requested a

hearing, and the Court has determined that oral argument would not aid in the decisional process.

Accordingly, this matter is ripe for disposition. For the following reasons, the Court will deny

Sturrock's motion for summary judgment.

I. Background

---

[1] The Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1335. The case is before me by
the parties' consent under 28 U.S.C. § 636(c).

Globe instituted an Interpleader Complaint against Sturrock and the Biggs Defendants on May 10, 2016, requesting that the Court resolve competing claims to the life insurance proceeds of a single life insurance policy held by Peggy Phillips. Pl. Interpleader Compl., ECF No. 1. The Biggs Defendants are Phillips's children, and Sturrock is Phillips's former daughter-in-law, having at one time been married to Frank Biggs. Sturrock Ex. 10, at 1, ECF No. 21-10.

Globe initially issued a $10,000 life insurance policy to Phillips on November 7, 1994. Pl. Ex. 2, at 1–10, ECF No. 1-2. The policy was given the identification number 00-B641002, and Phillips named Frank Biggs as the designated beneficiary. *Id.* at 1. The policy had an expiry date of November 7, 2014, but Phillips had the option of purchasing a new term insurance policy to continue her insurance coverage if the original policy continued in force to the expiry date. *Id.* at 5. On February 7, 1997, in response to Phillips's request to increase her coverage from $15,000 to $20,000, Globe issued a term life insurance rider in the amount of $5,000. *Id.* at 11–17. The rider had the same policy number, expiry date, beneficiary, and terms as the original policy. *Id.* On August 25, 2008, Phillips submitted a change of beneficiary form to Globe, requesting that Ken Biggs be designated the primary beneficiary and Malinda Biggs be designated the contingent beneficiary on her life insurance policy. Pl. Ex. 3, ECF No. 1-3. On September 4, 2013, Globe notified Phillips that it had, as Phillips requested, changed the beneficiary of her policy to Lisa Cashin, Pl. Ex. 4, ECF No. 1-4, who was Frank Biggs's girlfriend at the time, Sturrock Ex. 10, at 1.

On November 8, 2014, Phillips renewed her policy, which Globe assigned a different policy number (00-6R94321). Pl. Ex. 5, ECF No. 1-5. Sherry Sturrock was the designated beneficiary. *Id.* Although the renewed policy had a different identification number, it was essentially an extension of Phillips's original policy with the same terms and benefits, Pl.

Interpleader Compl. ¶¶ 16–17; Sturrock Ex. 9, at 2, ECF No. 21-9, insuring Phillips for $20,000 for a period set to expire on November 8, 2034, Pl. Ex. 5, at 5. On February 17, 2015, Globe notified Phillips that it had, per her request, changed the beneficiary of her policy to Iva Biggs. Pl. Ex. 6, ECF No. 1-6. On March 9, 2015, in response to Phillips's inquiry regarding the status of her policy, Globe confirmed that Iva Biggs was the primary beneficiary of the policy and that there were no other beneficiaries. Pl. Ex. 7, ECF No. 1-7.

On November 5, 2015, Phillips signed two change-of-beneficiary letters, and they were mailed together to Globe. One letter requested that Globe change the beneficiary on policy number 00-B641002 to her four children, Ken Biggs, Malinda Biggs, Frank Biggs, and Iva Biggs-Gordon, in equal shares. Pl. Ex. 8. The other letter requested that Globe change the beneficiary on policy number 00-6R94321 to Sherry Sturrock. Pl. Ex. 10. Other than the identified policy number and the listed beneficiaries, these letters are substantially the same. Globe responded to both letters. In a reply dated November 17, 2015, Globe notified Phillips that it had changed the primary beneficiaries on policy number 00-6R94321 to her four children to reflect her request. Pl. Ex. 9, ECF No. 1-9. In a reply dated November 18, 2015, Globe notified Phillips that it had changed the primary beneficiary on that same policy—number 00-6R94321— to Sherry Sturrock to reflect her request. Pl. Ex. 11, ECF No. 1-11. Phillips made no further changes in beneficiary. On December 3, 2015, Phillips and Sturrock signed a letter in which Sturrock agreed to pay Malinda Biggs $2,500.00 "that was saved by [Phillips] for Malinda." Sturrock Ex. 11, ECF No. 21-12.

On January 8, 2016, Phillips died, after which Globe received claims to the proceeds of policy number 00-6R94321 from both Sturrock and the Biggs Defendants. Pl. Interpleader Compl. ¶¶ 24–25. As a result of these competing claims, Globe moved to deposit the funds with

the Court, ECF No. 4, and neither Sturrock nor the Biggs Defendants objected. As such, Globe deposited the insurance proceeds in the amount of $20,471.78 with the Court on October 27, 2016. ECF No. 27. Globe was then terminated from this action. In the intervening time, on September 12, 2016, Sturrock filed her motion for summary judgment.

## II. Standard of Review

### A. Applicable Law

In this diversity action, the Court applies federal law to determine questions of procedural law and the law of the forum state to determine questions of substantive law. *Nationwide Mut. Ins. Co. v. Overlook, LLC*, 785 F. Supp. 2d 502, 511–12 (E.D. Va. 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). The Court applies the choice-of-law rules of the jurisdiction in which it sits—in this case, Virginia. *Elec. Motor & Contracting Co. v. Travelers Indem. Co. of Am.*, --- F. Supp. 3d ---, 2017 WL 385043, at *4 (E.D. Va. Jan. 27, 2017) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Under Virginia's choice-of-law rules for insurance contracts, the law of the forum in which the contract is written and delivered controls. *Buchanan v. Doe*, 431 S.E.2d 289, 291 (Va. 1993). Here, there is no dispute that the policy at issue was acquired by and delivered to Phillips while she lived in Virginia, and thus Virginia law controls. *See Elec. Motor & Contracting Co.*, 2017 WL 385043, at *4.

### B. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, --- U.S. ---, 134 S. Ct. 1861, 1866 (2014) (per curiam). Facts are material when they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute over a material fact exists if "a reasonable jury

could return a verdict in favor of the nonmoving party." *Kolon Indus., Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 173 (4th Cir. 2014) (citing *Anderson*, 477 U.S. at 248).

"The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact." *Appalachian Power Co. v. Arthur*, 39 F. Supp. 3d 790, 796 (W.D. Va. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party makes that showing, the nonmoving party must then produce admissible evidence—not mere allegations or denials—establishing the specific material facts genuinely in dispute. Fed. R. Civ. P. 56(c), (e); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wilkins v. Montgomery*, 751 F.3d 214, 220 (4th Cir. 2014). When deciding a summary judgment motion, the court must consider the whole record and draw all reasonable inferences in the light most favorable to the nonmoving party. *Tolan*, 134 S. Ct. at 1866. The court does not weigh evidence, consider credibility, or resolve disputed issues—it decides only whether the record reveals a genuine dispute over material facts. *See id.*

### III. Discussion

The parties do not dispute the above facts, but instead offer differing versions of Phillips's understanding of her policy with Globe and her intentions regarding the two letters from November 5, 2015. Because I find that a genuine dispute of material fact exists concerning these issues, Sturrock's motion for summary judgment must be denied.

A.      *Sturrock's Version of the Events*

Sturrock argues that the policy documents clearly show her as the last listed primary beneficiary for Phillips's life insurance policy number 00-6R94321. Sturrock Mot. Summ. J. 1. Sturrock explains that Phillips was aware that her original policy (00-B641002) had expired on November 7, 2014, and that she sent the change of beneficiary letter with the old policy information listing her children as beneficiaries to Globe as a ruse with the intention that they

never receive the insurance proceeds. *Id.* Phillips had been told by a Globe representative that her children would simply be informed that the policy was no longer valid when they tried to make a claim. *Id.* Instead, Phillips intended for Sturrock to be the sole beneficiary, as shown in one of the November 5 letters. Sturrock asserts that Phillips was of sound mind and not confused when she signed both letters. *Id.* at 1–2. Additionally, Sturrock's written promise to pay Malinda Biggs $2,500.00 was to come from the $20,000.00 in life insurance proceeds that Phillips intended to give Sturrock. *Id.* at 2.

B.      *Biggs Defendants' Version of the Events*

Conversely, the Biggs Defendants, in a response written by Malinda Biggs, assert that Phillips believed she maintained two life insurance policies with Globe: one for $20,000 and a second for $5,000. Biggs Defs. Reply Br. 1. On November 4, 2015, while she was in the hospital, Phillips told Ken Biggs and Sturrock that she wanted to change the beneficiaries of her policies. *Id.* Phillips intended for the $20,000 policy to be divided equally among her four children and for the $5,000 policy to be divided equally between Sturrock and Malinda Biggs. *Id.* Phillips requested that Sturrock prepare the two letters on her behalf instructing Globe to change the beneficiaries on the two policies she believed she held (00-B641002 and 00-6R94321). Sturrock drafted the letters and had them notarized by a member of the hospital staff. *Id.* at 2. These letters were mailed together via certified mail to Globe on November 9. *Id.* As to the $2,500.00 Sturrock promised to pay Malinda Biggs, Phillips intended that Sturrock pay it from the second policy Phillips believed she was designating to Sturrock. *Id.* at 1. Overall, the Biggs Defendants claim that Phillips genuinely believed she had two policies, as evidenced by Phillips telling her daughters about the second policy in early 2015, and wanted the larger policy to go to her children. *Id.* at 3.

*C.      Analysis*

The central issues of this case concern Phillips's understanding of her policy and her

intent in changing the beneficiary. Determining Phillips's intent is necessary because courts give

effect to the intent of the insured when she attempts to make a valid change of beneficiary. *See,*

*e.g.*, *Stafford v. United States*, 128 F. Supp. 435, 437 (W.D. La. 1955) ("Even in the absence of a

formal change of beneficiaries, courts have consistently sought to ascertain and enforce the true

intention of the insured." (collecting cases)); *Provident Life & Accident Ins. Co. v. Dotson*, 93 F.

Supp. 538, 541 (S.D. W. Va. 1950) ("When it appears that the insured actually attempted to

make a valid change of beneficiary the courts will give effect to his intention.").

The foundation of Sturrock's argument that she is entitled to the life insurance proceeds

rests on the last-issued change-of-beneficiary notice by Globe, which named her as the sole

beneficiary of Phillips's only policy with the company. Pursuant to the terms of the life insurance

policy, all that was required to change beneficiary was a "satisfactory written request" recorded

by Globe. Pl. Ex. 2, at 4. Additionally, the notices from Globe, including the one indicating that

it had changed the primary beneficiary of Phillips's policy to Sturrock, expressly state that, "all

previous beneficiary designations for this policy are now cancelled." *See, e.g.*, Pl. Ex. 11.

According to Sturrock, then, there is no genuine dispute of material fact because Globe did not

make any subsequent changes to Phillips's policy after it recorded her as the primary beneficiary.

This position, although seemingly clear on the surface, is muddled by the fact that

Phillips signed two change of beneficiary letters, both concerning her sole policy with Globe, on

November 5, 2015, and these letters were mailed to Globe together on November 9, 2015, Biggs

Defs. Ex. 7, ECF No. 29-4. One letter used the original policy number, and the other letter used

the new policy number, but both responses by Globe applied the change in beneficiary to the

7

new, and only, policy. There is no explanation for why Globe processed one change of beneficiary letter before the other or responded to the letters on different days, and Sturrock's argument, as presented, would collapse without the seemingly arbitrary act of Globe issuing notifications of the changes to the policy on subsequent days.

It is also undisputed that Phillips had only one policy with Globe, and as such, the two letters purporting to simultaneously change the beneficiary(ies) to Sturrock on the one hand and the Biggs Defendants on the other are inconsistent with each other. Although the parties now agree that Phillips had only one policy, whether she understood that in November 2015 is in dispute. Indeed, Phillips wrote in the November 5 letters, "I also give permission for you to speak to Sherry Sturrock about my *policies* on my behalf. Please mail current *policies* to the above address." Pl. Exs. 8, 10.[2] This statement in the change of beneficiary letters themselves suggests that Phillips believed she had multiple policies with Globe. Thus, the written communications between Phillips and Globe create disputed facts as to her intent regarding the changes of beneficiary and her understanding of her policy.

Moreover, Sturrock and the Biggs Defendants offer conflicting explanations of Phillips's intent regarding the November 5 letters. Sturrock asserts that Phillips purposefully listed the original policy number on the letter designating her children as beneficiaries with the intent and knowledge that Globe would deny any claim on that policy because it was no longer valid. The Biggs Defendants state that Phillips genuinely believed she had two different policies and she intended for the larger policy to go to her four children and the smaller policy to go to Sturrock and Malinda Biggs.

---

[2] Additionally, correspondence between Sturrock and Malinda Biggs includes a message from Sturrock that money would come out of Phillips's bank account "for the 2nd insurance policy." Biggs Defs. Ex. 14, ECF No. 29-8, at 1.

Evaluating the evidence offered by the parties to support these competing versions through the lens of the summary judgment standard, it is clear that Phillips's understanding of her policy and her intent to change beneficiaries remain in dispute. For example, as evidence of Phillips's competence to make a change to the beneficiary designation, Sturrock offers a do-not-resuscitate letter that Phillips signed authorizing her son Ken Biggs to make medical decisions on her behalf. Sturrock Ex. 6, ECF No. 21-6. Although the Biggs Defendants contend that Phillips was confused about whether she had one or two policies, they have not challenged her competence to change beneficiaries. Furthermore, this letter says nothing about her insurance policy or otherwise addresses her intent to change beneficiaries. Similarly, Sturrock offers a letter from Dr. Thomas LoRusso, Phillips's pulmonary specialist. Sturrock Ex. 7, ECF No. 21-7. Dr. LoRusso's letter asserts that Phillips was of sound mental capacity and "wished to change her beneficiary to Sherry Sturrock." *Id.* The letter, however, is unsigned. Additionally, Dr. LoRusso presents no facts to support this opinion, which notably does not exclude the Biggs Defendants' version that Phillips believed she had two policies and wished to name Sturrock as the beneficiary on one policy and the Biggs Defendants as the beneficiaries on the other.

Sturrock notes that she put a passcode on the insurance policy and faxed a letter to Globe after Phillips died to ensure that only she could access information about the policy. Sturrock Mot. Summ. J. 2. This assertion could show that Sturrock exercised some control over the management of Phillips's policy (although it would shed little light on whether Phillips believed she had multiple policies). Additionally, the November 5 letters authorize Globe to speak to Sturrock about Phillips's "policies on [her] behalf." Sturrock contends this control shows Phillips's intent to leave the policy to her, but no evidence supports this inference. Indeed,

without more, an entirely different inference is just as plausible—that Sturrock managed the policy at Phillips's request for the benefit of her children.

Sturrock also relies on the December 3 letter that she and Phillips signed in which Sturrock pledges to give Malinda Biggs $2,500. Sturrock Ex. 11. The letter identifies the source of these funds as "$2500.00 that was saved by [Phillips] for Malinda to do with as she wishes. Understanding that it may take some time to access this money.[sic]" *Id.* It may be that these funds were to come from the proceeds of a life insurance policy bestowed upon Sturrock. The text of the letter, however, does not definitively indicate that the money would come from Phillips's life insurance policy; rather, it could be construed as referencing Phillips's savings, and other communications show that Sturrock had control over Phillips's bank accounts, *see* Biggs Defs. Ex. 14, at 1. Moreover, Sturrock's pledge to give Malinda Biggs $2,500 is consistent with the Biggs Defendants' version that Phillips intended to make Sturrock the beneficiary of a $5,000 policy that she (incorrectly) believed she had. Thus, this letter does not show Phillips's intent to name Sturrock as the only beneficiary of her sole life insurance policy.[3]

Sturrock further notes that she was listed as the beneficiary of the policy on November 8, 2014, when Phillips renewed it. Sturrock Exs. 13, 14. At that point, Phillips had already changed the beneficiary twice, and after she named Sturrock in November 2014, she subsequently changed the beneficiary to Iva Biggs on February 17, 2015, Pl. Exs. 6, 7. A previous beneficiary designation of Sturrock—or for that matter any of the Biggs Defendants—that was later changed does not show that Phillips intended her to be the sole beneficiary as of November 2015. Moreover, an email from Sturrock's daughter explains that when she and Sturrock visited Phillips in the hospital on January 4, 2016, Phillips said she wanted her $20,000 insurance policy

---

[3] Without additional evidence, this letter also does not support the Biggs Defendants' version that Phillips understood Sturrock was agreeing to pay Malinda $2,500 out of a $5,000 policy, which of course did not exist.

to be split evenly among her children because she wanted to keep a promise to them. Biggs Defs. Exs. 10, 15, 16, ECF Nos. 29-7, 29-9, 29-10.

Lastly, both Sturrock and the Biggs Defendants attach various communications that show arguments between them about one another's mistreatment of Phillips. These communications offer a glimpse of the family dynamics and acrimony between all of the parties. They support Sturrock's assertion that Phillips was unhappy with at least some of her children, but this sheds little light on Phillips's intention in naming beneficiaries, considering the other evidence presented to the Court, and says nothing about her understanding of the life insurance policy.

Overall, Sturrock fails to carry her burden to warrant summary judgment in her favor. Phillips's understanding of whether she had one or more policies and her intent in changing beneficiaries in the November 5 letters create genuine disputes of material facts that the evidence before the Court on summary judgment does not resolve. As such, it is not appropriate for the Court to weigh these competing accounts at this stage, and summary judgment is not proper.

## IV. Conclusion

For the foregoing reasons, I find that a genuine dispute of material fact exists as to Peggy Phillips's understanding of the nature of her life insurance policy with Globe and her intent in changing the beneficiary(ies) on that policy in November 2015. Therefore, the Court will **DENY** Sturrock's motion for summary judgment, ECF No. 21. A separate Order will enter.

The Clerk shall send a copy of this Memorandum Opinion to all remaining parties.

ENTER: May 22, 2017

Joel C. Hoppe
United States Magistrate Judge